# Exhibit A

1

2

3

4

5

6

7          IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

8  ANGEE HARRINGTON, individually and on
behalf of all others similarly situated,
                                                    NO.
9
                    Plaintiff,              **CLASS ACTION COMPLAINT**
10
          v.
11
VINEYARD VINES, LLC, a Connecticut
limited liability company,
12
                    Defendant.
13

14          COMES NOW the Plaintiff, Angee Harrington, on behalf of herself and all others

15  similarly situated, by and through undersigned counsel, for causes of action against the above-

16  named Defendant VINEYARD VINES, LLC ("Defendant" or "Vineyard Vines"), and makes

17  the following allegations based upon information and belief, except as to allegations

18  specifically pertaining to Plaintiff, which are based on personal knowledge.

19                          __NATURE OF THE ACTION__

20          1.      Defendant Vineyard Vines advertises and sells clothing and accessories

21  through its website, www.vineyardvines.com, including in the State of Washington.

22          2.      This class action complaint concerns Vineyard Vines's pattern and practice of

23  sending marketing emails that contain false or misleading information in the subject lines to

24  Washington consumers.

CLASS ACTION COMPLAINT - 1

3. Vineyard Vines uses a variety of tricks and deceptive language to influence consumer behavior. For example, Vineyard Vines often uses subject lines to tout limited-time sales, inducing customers to purchase items out of fear that they might miss an unusually good deal. The company then sends an email the next day announcing that the sale or discount has been "extended." In reality, on information and belief, the company always planned for the sale to continue during the advertised extension. In another sleight of hand, Vineyard Vines lures potential customers with email subject lines that misrepresent the true nature of a particular promotion. For example, the subject line "30% Off *Everything* + FREE Shipping" leads reasonable consumers to believe that all products on the Vineyard Vines site are available at a 30 percent discount and with free shipping. In reality, that promotion was subject to a minimum order amount of $150 or more, which contradicts the subject line.

4. In these and other instances seemingly limited only by the company's marketing creativity, Vineyard Vines is in violation of the Washington Consumer Electronic Mail Act ("CEMA"). *See* RCW 19.190.020(1)(b). As the Washington Supreme Court recently stated, "CEMA distinctly outlaws sending commercial e-mails that contain false or misleading information in subject lines." *Brown v. Old Navy, LLC*, No. 102592-1, at *4 (Wash. April 17, 2025) (slip op.). And "[a] violation of CEMA's e-mail regulations is a per se violation of the Consumer Protection Act (CPA)." *Id.* "Per se CPA violations are predicated on the Legislature's recognition that certain conduct is categorically against the public interest." *Id.* (quotation omitted).

5. Plaintiff brings this action as a class action on behalf of herself and other persons residing in Washington who received Vineyard Vines's false and misleading emails. Plaintiff's requested relief includes an injunction to end these practices, an award to Plaintiff

CLASS ACTION COMPLAINT - 2

and class members of statutory damages for each illegal email, and an award of attorneys' fees and costs.

## PARTIES

6.      Plaintiff Harrington is a citizen of Washington State, residing in Kitsap County, Washington.

7.      Defendant Vineyard Vines, LLC, is a Connecticut limited liability company with its principal place of business in Stamford, Connecticut. Defendant manufactures, markets, advertises, and distributes products under the Vineyard Vines brand and on the Vineyard Vines website throughout the United States, including in the State of Washington. Defendant is and has been engaged in substantial business activities in the State of Washington, including Kitsap County and King County.

## JURISDICTION AND VENUE

8.      Jurisdiction in this Court is appropriate under RCW 2.08.010 and RCW 4.92.090.

9.      This Court has personal jurisdiction over Defendant under RCW 4.28.185. This Court may exercise personal jurisdiction over Defendant as an out-of-state defendant because the claims alleged in this civil action arose from, without limitation, Defendant's transmission of commercial electronic mail messages to consumers within the State of Washington. In addition, Defendant intended, knew, or is chargeable with the knowledge that its out-of-state actions would have a consequence within Washington.

10.      This Court also has personal jurisdiction over Defendant under RCW 19.86.160. For example, and without limitation, Defendant engaged and is continuing to

CLASS ACTION COMPLAINT - 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101-3147
TEL. 206.682.5600 • FAX 206.682.2992

1   engage in conduct in violation of RCW 19.86 that has had and continues to have an impact in

2   Washington, which said chapter reprehends.

3        11.    Venue is proper in King County Superior Court because, at all relevant times,

4   Defendant has transacted business in King County, including without limitation by causing its

5   website to be available to consumers in King County, selling products to residents of King

6   County, and transmitting commercial electronic email messages to residents of King County.

7   RCW 4.12.025.

8                    **FACTUAL ALLEGATIONS**

9   **A.    Under CEMA, it is a per se violation of the CPA to initiate (or conspire to initiate)**
    **the transmission of commercial emails with false or misleading information in the**
10  **subject line to Washington residents.**

11       12.    It is a violation of CEMA to "initiate the transmission, conspire with another

12  to initiate the transmission, or assist the transmission, of a commercial electronic mail message

13  from a computer located in Washington or to an electronic mail address that the sender knows,

14  or has reason to know, is held by a Washington resident that . . . [c]ontains false or misleading

15  information in the subject line." RCW 19.190.020(1)(b). As the Washington Supreme Court

16  recently explained, "CEMA protects consumers by requiring that commercial e-mails

17  communicate honestly about the terms of a given promotion or sale in the subject line." *Brown*,

18  No. 102592-1, at *19.

19  **B.    Vineyard Vines initiates (or conspires to initiate) the transmission of commercial**
    **emails with false or misleading information in the subject line to Washington**
20  **residents.**

21       13.    Vineyard Vines has initiated (or conspired to initiate) the transmission of

22  commercial electronic mail messages with various types of false or misleading subject lines to

23  Plaintiff and members of the class.

24

CLASS ACTION COMPLAINT - 4

14.    Vineyard Vines's false or misleading subject lines can be broken into at least two categories: (a) subject lines that describe a specific, limited-time promotion that is not, in fact, limited to the timeframe described in the subject line; and (b) subject lines stating without qualification that a particular discount is being offered when, in reality, the discount only applies to orders above a certain dollar amount that is not identified in the subject line.

15.    In each case, the subject line conveys an objective statement of fact that is false or misleading. A nonexhaustive list of examples of subject lines from each category is provided below. Discovery will show additional emails in each of these categories and potentially other categories of false or misleading subject lines.

16.    The emails at issue are electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from Vineyard Vines also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

17.    The emails at issue are commercial in nature in that the purpose of the emails is to promote goods for sale by Vineyard Vines and induce consumers into making purchases from Vineyard Vines.

18.    The emails were sent at Vineyard Vines's direction and were approved by Vineyard Vines.

*i.    The subject line describes a time-limited promotion or sale that is available for a longer period than what is specifically stated in the subject line.*

19.    Vineyard Vines misrepresents the length of time sales will be offered by sending one or more emails stating that a sale is being offered for a specific period followed by one or more emails stating the sale period has been "extended." For example, on March 1,

CLASS ACTION COMPLAINT - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101-3147
TEL. 206.682.5600 ● FAX 206.682.2992

2025, Vineyard Vines sent an email with the subject line, "Last. Day. Up To 60% Off ALL Sale Styles!" By stating that March 1 was the last day for this particular sale, Vineyard Vines created a sense of urgency and tapped into the well-known consumer desire to get an unusual deal before it is gone. But that subject line was false and misleading. The next day, Vineyard Vines sent another email with the subject line, "Sale E-X-T-E-N-D-E-D One More Day!" The second email subject line demonstrates the falsity of the first one, laying bare the company's intention to distort the consumer's belief regarding the time for securing the discount.

20.     This marketing tactic involves a fundamental misrepresentation of fact regarding the duration of the promotion. Federal Trade Commission (FTC) regulations prohibit this practice, stating that sellers may not "make a 'limited' offer which, in fact, is not limited." 16 C.F.R. § 233.5. On information and belief, Vineyard Vines determines in advance how long it will offer a given promotion, such that it knows when it represents the limited duration of the promotion that the description is untruthful. In other words, on information and belief, Vineyard Vines always planned for the sale to last more than one day, such that both the initial email incorrectly stating the limited time for the sale and the follow-up "extension" email were false and misleading.

21.     The clear purpose of this tactic is to grab the consumer's attention and induce her immediate action to secure savings that will not be available beyond a specific window of time.  Research indicates that limited-time discounts create a sense of urgency that changes consumer decision making, including by persuading customers to purchase items sooner than they otherwise would, purchase more or different items than they otherwise would, or forego comparison shopping.  Vineyard Vines designs the subject lines of its marketing emails to tap into these consumer urges—going so far in some emails as to feature a ticking clock emoji and

CLASS ACTION COMPLAINT - 6

words such as "FINAL HOURS" in the subject line. Vineyard Vines leverages this tactic and its well-known psychological effects to influence consumer behavior in a deceitful way.

22.     Vineyard Vines uses its time-limited sales to send more emails to consumers than it otherwise might. The company sometimes sends multiple promotional emails every day, many of them advertising the "limited-time" offers. For example, for one sale, Vineyard Vines sent an initial email with a subject line indicating that the sale would be available for "48 HOURS ONLY." The next day, Vineyard Vines sent a follow-up email stating that it was the "Last. Day." Then, the following day, Vineyard Vines sent an email with a purported "extension" of the same sale. When several emails contain the same false and misleading information about the limited nature of an offer, the emails clog up inboxes with spam and divert the recipient's attention from other communications.

23.     The chart below shows a series of emails transmitted by Vineyard Vines following this pattern:

| Date | Subject Line |
|---|---|
| 2/23/2025 | EARLY ACCESS: 24-Hour Flash Sale! ⚡ |
| 2/24/2025 | SURPRISE! 🎁 Sale Extended Today Only |
| 2/28/2025 | Up To 60% Off **48 HOURS ONLY** |
| 3/1/2025 | Last. Day. Up To 60% Off ALL Sale Styles! |
| 3/2/2025 | Sale E-X-T-E-N-D-E-D One More Day! |

CLASS ACTION COMPLAINT - 7

ii.    *The subject line tricks the recipient into believing a promotion applies to any order when it really requires the customer to make a large purchase.*

24.    Vineyard Vines also frequently sends emails with subject lines stating without qualification that a particular discount is being offered when, in reality, the discount only applies to orders above a certain dollar amount that is not identified in the subject line. Such false and misleading statements trick the consumer into thinking that the promotion will apply to any order. In reality, these purported unconditional discounts are subject to minimum spend requirements that are not disclosed in the subject line. This is a classic bait-and-switch tactic that entices consumers to believe the sale has broader application than it truly does.

25.    For example, on March 19, 2025, Vineyard Vines sent an email with the subject line: "SALE! 30% Off EVERYTHING." There was no indication in the subject line that the promotional language should not be taken at face value—i.e., that the sale applied to all orders or "everything." However, there was a big catch: the sale only applied to purchases of $150 or more. There is nothing in the subject line that communicates to the consumer that the advertised promotion is limited in any way to purchases above that amount, or any particular amount.

26.    Some promotional emails from Vineyard Vines includes language in the subject line disclosing a minimum-spend requirement for a particular sale or promotion.

27.    Those instances serve to highlight the false and misleading nature of other email subject lines that leave out this material condition.

28.    The chart below shows a series of emails transmitted by Vineyard Vines in this category. In each case, the "Terms of Sale" column demonstrates the false and misleading nature of the subject line.

CLASS ACTION COMPLAINT - 8

| Date | Subject Line | Terms of Sale |
|---|---|---|
| 11/9/2024 | 2 Days Only: FREE Shipping + 30% Off! | Free shipping and 30% off any **$200+ purchase** with promo code FAVE30. |
| 3/19/2025 | SALE! 30% Off EVERYTHING | 30% off any **$150+ purchase** with promo code STOCKUP |
| 3/22/2025 | 30% Off *Everything* + FREE Shipping | 30% off any **$150+ purchase** with promo code STOCKUP |
| 4/15/2025 | SALE TIME: 30% Off EVERYTHING | 30% off any **$150+ purchase** with promo code THEBEST |

**C.    Vineyard Vines sends commercial emails to consumers whom it knows or should know reside in Washington.**

29.    Vineyard Vines sent the misleading commercial emails to email addresses that Vineyard Vines knew or should have known were held by Washington residents, either because (i) Vineyard Vines had a physical Washington address that was associated with the recipient; (ii) Vineyard Vines had access to data regarding the recipient indicating that they were in Washington state; or (iii) information was available to Vineyard Vines upon request from the registrant of the internet domain name contained in the recipient's electronic mail address. Moreover, Vineyard Vines does business nationwide and knows that at least some of its customers reside in Washington.

30.    On information and belief, Vineyard Vines knows where many of its customers and email recipients reside through several methods.

31.    For example, for any person that places an order online from Vineyard Vines, Vineyard Vines associates an email address with a shipping address and/or billing address for that order.

32.    Vineyard Vines also encourages online shoppers to create online accounts. Customers save information in their Vineyard Vines accounts along with their email address, such as their shipping addresses, billing addresses, and phone numbers.

CLASS ACTION COMPLAINT - 9

33.     Plaintiff expects that discovery will show that Vineyard Vines employs methods to both track the effectiveness of its marketing emails and identify consumers that click on links contained in Vineyard Vines's marketing emails, including by identifying their physical location. For example, Plaintiff expects that discovery will also show that Vineyard Vines gathers information such as geocoordinates and IP addresses from individuals who click on links in Vineyard Vines commercial emails, and that Vineyard Vines can use such information to determine whether the recipient is in Washington.

34.     Vineyard Vines also knew, should have known, or had reason to know that it sends marketing emails to Washington residents due to its large presence in the state and the volume of marketing emails it sends to people around the country.

**D.     Vineyard Vines initiated (or conspired to initiate) the transmission of illegal emails to Plaintiff and the class.**

35.     At all times relevant to this Complaint, Plaintiff Harrington resided in Washington State.

36.     Plaintiff Harrington has received Vineyard Vines's emails since at least 2024.

37.     Plaintiff Harrington has received hundreds if not thousands of marketing emails from Vineyard Vines since that date. She typically receives marketing emails from Vineyard Vines on a daily basis. During peak shopping periods, she receives multiple emails a day.

38.     On information and belief, Vineyard Vines knows, should know, or has reason to know, that Plaintiff Harrington's email address is held by a Washington resident.

39.     Plaintiff Harrington does not want to receive emails with false and misleading subject lines from Vineyard Vines, though she would like to continue receiving truthful information from Vineyard Vines regarding its products. However, due to Vineyard Vines's

CLASS ACTION COMPLAINT - 10

conduct, Plaintiff Harrington cannot tell which emails from Vineyard Vines contain truthful information or which emails are spam with false and misleading information designed to spur her to make a purchase.

40.     Plaintiff continues to receive emails with false and misleading subject lines. Vineyard Vines is aware of all the emails it has sent Plaintiff, and discovery will show the full number of illegal spam emails Vineyard Vines has sent throughout the relevant period.

## CLASS ACTION ALLEGATIONS

### Class Definition

41.     Pursuant to CR 23, Plaintiff brings this case as a class action on behalf of a Class defined as:

> All Washington residents who, within four years before the date of the filing of this complaint until the date of trial, received an email from or at the behest of Vineyard Vines that contained a subject line that (a) states or implies that a particular promotion will be available for a specified period of time when the actual period for the sale is longer; or (b) advertises a promotion that is subject to a minimum order amount under the terms of the promotion but fails to disclose the minimum order amount.

42.     The following people are excluded from the proposed Class: (1) any Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released.

### Numerosity and Ascertainability

43.     The Class is so numerous that joinder of all members is impracticable.

CLASS ACTION COMPLAINT - 11

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101-3147
TEL. 206.682.5600 ● FAX 206.682.2992

44.     On information and belief, the Class has more than 1,000 members.

45.     The disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

46.     On information and belief, Class members can be identified through Defendant's records.

***Commonality and Predominance***

47.     There are numerous questions of law and fact common to Plaintiff and members of the Class. Common questions of law and fact include, but are not limited to:

     a.  Whether the subject lines of the specified emails were false and misleading;

     b.  Whether all individuals on Vineyard Vines's email list received the emails;

     c.  Whether Vineyard Vines initiated the transmission or conspired to initiate the transmission of commercial electronic mail messages to recipients residing in Washington State in violation of RCW 19.190.020;

     d.  Whether Plaintiff and the proposed Class are entitled to an injunction enjoining Vineyard Vines from sending the unlawful emails in the future; and

     e.  The nature and extent of classwide injury and damages.

48.     The core of this case is Defendant's standard and established practice of initiating commercial emails with false or misleading subject lines to consumers residing in the State of Washington. The common factual and legal issues arising from this conduct predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

***Typicality***

49.     Plaintiff's claims are typical of the claims of the Class.

CLASS ACTION COMPLAINT - 12

50.     Plaintiff, like the members of the Class, resided in Washington when she received the emails at issue.

51.     Plaintiff's claims, like the claims of the Class, arise out of a common course of conduct by Defendant. Plaintiff and all Class members suffered the same injury insofar as they received at least one email with a false or misleading subject line.

52.     The legal arguments and remedial theories bearing on Plaintiff's claims are typical of the claims of other putative class members.

*Adequacy*

53.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and class actions involving violations of Washington's consumer protection statutes. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Class.

*Superiority*

54.     Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters future illegal activity. Class adjudication would serve the interest of individual class members, who would have little incentive to pursue their claims separately because any individual recovery would be small in comparison to the costs of litigation. There is no known litigation concerning the same subject matter. This is an

CLASS ACTION COMPLAINT - 13

1    appropriate forum for concentrating the claims of the members of the Class, who are

2    Washington consumers.  Finally, it will be feasible to manage this case as a class action.

3    *Injunctive Relief*

4         55.     Defendant's conduct is uniform as to all members of the Class. Defendant has

5    acted or refused to act on grounds that apply generally to the Class, so that final injunctive

6    relief or declaratory relief is appropriate with respect to the Class as a whole. Plaintiff further

7    alleges, on information and belief, that the emails described in this Complaint are substantially

8    likely to continue in the future if an injunction is not entered.

9                        **<u>CLAIMS FOR RELIEF</u>**

10                         **COUNT I**
     **Violations of Washington's Commercial Electronic Mail Act, RCW 19.190 *et seq.***
11             **On behalf of Plaintiff and the Proposed Class**

12        56.     Plaintiff realleges and incorporate by reference each and every allegation set

13   forth in the preceding paragraphs.

14        57.     Washington's CEMA prohibits any "person," as that term is defined in

15   RCW 19.190.010(11), from initiating or conspiring to initiate the transmission of a commercial

16   electronic mail message from a computer located in Washington or to an electronic mail

17   address that the sender knows or "consciously avoids knowing" is held by a Washington

18   resident that contains false or misleading information in the subject line.

19        58.     Defendant is a "person" within the meaning of the CEMA,

20   RCW 19.190.010(11).

21        59.     Defendant initiated the transmission or conspired to initiate the transmission of

22   one or more commercial electronic mail messages to Plaintiff and proposed Class members

23   with false or misleading information in the subject line.

24

CLASS ACTION COMPLAINT - 14

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101-3147
TEL. 206.682.5600 • FAX 206.682.2992

60.    Defendant's acts and omissions violated RCW 19.190.020(1)(b).

61.    Defendant's acts and omissions injured Plaintiff and proposed Class members.

62.    The balance of the equities favors the entry of permanent injunctive relief against Defendant. Plaintiff, the members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant. A permanent injunction against Defendant is in the public interest. Defendant's unlawful behavior is, based on information and belief, ongoing as of the date of the filing of this pleading; absent the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

63.    Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).

## COUNT II
### Per se violations of Washington's Consumer Protection Act, RCW 19.86 *et seq.*
### On Behalf of Plaintiff and the Proposed Class

64.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

65.    Plaintiff and Class members are "persons" within the meaning of the CPA, RCW 19.86.010(1).

66.    Defendant violated the CEMA by initiating or conspiring to initiate the transmission of a commercial electronic mail messages to Plaintiff and Class members that contain false or misleading information in the subject line.

67.    A violation of CEMA is a per se violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.*; RCW 19.190.030.

CLASS ACTION COMPLAINT - 15

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101-3147
TEL. 206.682.5600 • FAX 206.682.2992

68.      A violation of CEMA establishes all five elements of a CPA claim as a matter of law.

69.      Defendant's violations of CEMA are unfair or deceptive acts or practices that occur in trade or commerce under the CPA. RCW 19.190.100.

70.      Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100.

71.      Pursuant to RCW 19.19.040(1), damages to each recipient of a commercial electronic mail message sent in violation of CEMA are the greater of $500 for each such message or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. *Lyft*, 406 P.3d at 1155.

72.      As a result of Defendant's acts and omissions, Plaintiff and Class members are entitled to $500 in statutory damages for each and every email that violates the CEMA.

73.      Defendant engaged in a pattern and practice of violating CEMA.

74.      Plaintiff and Class members are entitled to recover reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.

75.      Plaintiff and members of the Class are also entitled to, and do seek, injunctive relief prohibiting Defendant from violating the CPA in the future.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, seeks judgment against Defendant and requests that the Court:

A.      Certify the asserted claims, or the issues raised, as a class action;

B.      Appoint Plaintiff as Class Representative;

C.      Appoint the undersigned counsel as counsel for the Class;

CLASS ACTION COMPLAINT - 16

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101-3147
TEL. 206.682.5600 • FAX 206.682.2992

D.      Enter declaratory, equitable, and/or injunctive relief as permitted by law to ensure Defendant does not continue to engage in the unlawful conduct described in this Complaint, and an accompanying order that the Court retain jurisdiction for a period of at least six months to ensure that Defendant complies with those measures;

E.      Enter an order to ensure that Defendant is restrained from altering, deleting, or destroying any documents or records that could be used to identify members of the Class;

F.      Award statutory damages where applicable;

G.      Award pre- and post-judgment interest;

H.      Award reasonable attorneys' fees and costs, as allowed by law, including but not limited to RCW 19.86.090; and

I.      Award any other relief the Court deems just or reasonable under the circumstances.

Dated: May 15, 2025                     Respectfully submitted,

                                        TOUSLEY BRAIN STEPHENS PLLC

                                        By: /s/Kaleigh N. Boyd
                                        Kaleigh N. Boyd (WSBA No. 52684)
                                        Email: kboyd@tousley.com
                                        1200 Fifth Avenue, Suite 1700
                                        Seattle, WA 98101-3147
                                        Phone: (206) 682-5600
                                        Fax: (206) 682-2992

                                        WADE KILPELA SLADE LLP

                                        Edwin J. Kilpela, Jr. (*pro hac vice* forthcoming)
                                        James Lamarca (*pro hac vice* forthcoming)
                                        Email: ek@waykayslay.com
                                        Email: jlamarca@waykayslay.com
                                        6425 Living Place, Suite 200
                                        Pittsburgh, PA 15206

CLASS ACTION COMPLAINT - 17

Phone: (412) 314-0515

NORTH LAW PLLC

Evan E. North (*pro hac vice* forthcoming)
Email: evan@northlawpllc.com
1900 Market Street, Suite 800
Philadelphia, PA 19103
Phone: (202) 921-1651

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT - 18