UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGEE HARRINGTON and LAUREN ARNDT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

VINEYARD VINES, LLC,

Defendant.

C25-1115 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Defendant's motion to strike, docket no. 35, is GRANTED as follows. The Court has **not** considered the substance of the State of Washington's brief in opposition to the motion to dismiss in *Kempf v. FullBeauty Brands Operations LLC*, W.D. Wash. Case No. C25-1141 RSM, which was attached to plaintiffs' notice filed on November 14, 2025, docket no. 33. Plaintiffs' notice has, however, served to advise the Court that the defendant in *Kempf* has challenged Washington's Commercial Electronic Mail Act ("CEMA") on two grounds, one of which is the same basis on which defendant Vineyard Vines, LLC ("Vineyard") seeks dismissal in this action, namely preemption by the federal statute known as the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM"). The defendant in *Kempf* also contends that CEMA is unconstitutional under the dormant commerce clause doctrine.

(2)    Defendant's motion to dismiss, docket no. 26, is DENIED. The provision of CEMA on which plaintiffs' claims are premised is not preempted by CAN-SPAM. *Gordon v. Impulse Mktg. Grp., Inc.*, 375 F. Supp. 2d 1040, 1045–46 (E.D. Wash. 2005). CAN-SPAM expressly allows States to prohibit by "statute, regulation, or rule" either "falsity or deception" in "any portion of a commercial electronic mail message or information attached thereto." 15 U.S.C. § 7707(b)(1). CEMA's subject-line provision, RCW 19.190.020(1)(b), falls squarely within this area reserved to the States; it imposes liability for initiating (within Washington or to one of its residents) "a commercial

MINUTE ORDER - 1

1 electronic mail message" that "[c]ontains false or misleading information in the subject line." *Id.* To violate this subsection of CEMA, the subject line of a commercial email

2 must "contain false or misleading information"; the "truthfulness [of the subject line] does not depend on what the rest of the e-mail conveys." *Brown v. Old Navy, LLC*,

3 4 Wn.3d 580, 589 & 594, 567 P.3d 38 (2025).[1] Mere puffery (for example, "Best Deals of the Year") is not actionable, but "representations of fact–like the duration or

4 availability of a promotion, its terms and nature, the cost of goods, and other facts" on which Washington residents would depend "in making their consumer decisions"–are

5 subject to CEMA's subject-line standards. *See id.* at 595–96. Because CEMA's subject-line provision forbids only false or misleading information (*i.e.*, "falsity or deception"), it

6 is not preempted by CAN-SPAM. *See Gordon*, 375 F. Supp. 2d at 1045–46. In arguing otherwise, Vineyard relies heavily on *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th

7 Cir. 2009) [hereinafter "*Virtumundo*"], but such reliance is misplaced. In *Virtumundo*, the plaintiff "failed to identify or describe any specific email or subject line text" that

8 allegedly violated CEMA's subject-line provision. *Id.* at 1058. Thus, the Ninth Circuit did not address whether CAN-SPAM preempts the subsection of CEMA that is at issue in

9 this matter.[2] Plaintiffs have sufficiently pleaded plausible claims under CEMA and Washington's Consumer Protection Act ("CPA"); they have described with particularity

10 a pattern of sending commercial emails (to addresses that Vineyard knew or should have known belonged to Washington residents) with subject lines containing allegedly false or

11 misleading information. *See* Am. Compl. at ¶¶ 24–30, 34–37, 38–43, & 67–86 (docket no. 23); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Vineyard's

12 arguments for dismissal are inconsistent with the standards applicable to motions brought under Federal Rule of Civil Procedure 12(b)(6),[3] which require the Court to assume the

13

---

14

[1] Vineyard's attempt to rely on the bodies of the emails at issue as excusing or correcting the allegedly false or misleading information in the subject lines of the emails runs contrary to the

15 Washington State Supreme Court's analysis in *Brown*.

16 [2] *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348 (4th Cir. 2006), *Martin v. CCH, Inc.*, 784 F. Supp. 2d 1000 (N.D. Ill. 2011), and *Kleffman v. Vonage Holdings Corp.*,

17 No. CV 07-2406, 2007 WL 1518650 (C.D. Cal. May 23, 2007), which Vineyard also mentions, are likewise distinguishable.

18 
[3] Vineyard's reliance on *In re Pacific Market International, LLC, Stanley Tumbler Litigation*,

19 764 F. Supp. 3d 1026 (W.D. Wash. 2025), is misplaced. *Pacific Market* does not concern the inquiry of whether information is false or misleading, but instead indicates that whether an act or

20 practice occurring in trade or commerce is "unfair or deceptive" for purposes of the CPA (which constitutes a question of law) "may be decided on a motion to dismiss." *Id.* at 1036; *see also*

21 *Robinson v. Avis Rent A Car Sys., Inc.*, 106 Wn. App. 104, 114, 22 P.3d 818 (2001). Whether a statement is false or misleading is, however, a question of fact. *See Cal. Expanded Metal Prods.*

22 *Co. v. Klein*, No. C18-659, 2018 WL 6065644, at *8 (W.D. Wash. Nov. 20, 2018) (citing Ninth Circuit decisions concerning the Lanham Act).

23

MINUTE ORDER - 2

truth of the allegations in the operative pleading and to draw all reasonable inferences in plaintiffs' favor.  See, e.g., Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Plaintiffs in this case allege that Vineyard falsely or deceptively worded its subject lines (i) to create a sense of urgency about a sale ending ("LAST DAY!" or "ENDS TONIGHT") when it knew that the sale would actually continue (or be "extended") for at least another day, or (ii) to advertise a global sale ("30% Off EVERYTHING") when the discount could not be claimed on individual items, but rather was available only if a customer spent a minimum of $150.[4]  See Am. Compl. at ¶¶ 24–30 & 34–37 (docket no. 23).  Vineyard's assertion that plaintiffs have not plausibly pleaded the materiality of the allegedly false or deceptive information, Vineyard's scienter with regard to the subject lines, plaintiffs' and/or class members' reliance, and/or injury lacks merit for at least two reasons:  (i) it is premised on authorities that do not involve CEMA and therefore do not define the elements of a CEMA (or related CPA) claim; and (ii) it simply ignores the allegations of the Amended Complaint and the reasonable inferences that must be drawn from them.

(3)    The parties are DIRECTED to meet and confer and to file, on or before January 12, 2026, an updated Joint Status Report that includes a proposed trial date and addresses all subjects outlined in the Order entered June 20, 2025, docket no. 10.

(4)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 18th day of December, 2025.

Ravi Subramanian
Clerk

s/Grant Cogswell
Deputy Clerk

---

[4] As observed by a Maryland judge, whose decision Vineyard has offered as an attachment to its lawyer's declaration, the "exact wording of the subject lines [is] critical." Asabre v. Retail Servs. & Sys., Inc., No. C-15-CV-21-000459, Mem. Op. at 6 (Montgomery Cnty., Md. Cir. Ct. Feb. 12, 2023), Ex. 1 to Selman Decl. (docket no. 26-1).  Vineyard's subject lines announced 30% off "everything," signifying that its entire inventory was discounted, but this reasonable inference was not consistent with the terms of the sale; if a customer spent less than $150, then nothing was reduced in price.  In contrast, in Asabre, the subject line of the defendant's email said "3 Days Only: 20% off Wines from Europe!" (as opposed to 20% off "all" or "every" wine from Europe), and the plaintiff conceded that this advertisement was not false (certain European wines were indeed discounted by 20%); the plaintiff contended only that the statement was incomplete. See id. at 4–5.  Asabre does not support Vineyard's motion to dismiss plaintiffs' claims.

MINUTE ORDER - 3