UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGEE HARRINGTON and LAUREN ARNDT, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>   v.<br><br>VINEYARD VINES, LLC,<br><br>                        Defendant. | C25-1115 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion for reconsideration, docket no. 41, is DENIED. Defendant accuses the Court of evaluating defendant's federal preemption contention under the "wrong standard," arguing that it should have been analyzed as an "as-applied" attack on the state statute at issue, Washington's Commercial Electronic Mail Act ("CEMA"), rather than as a "facial" challenge. *See* Def.'s Mot. at 1–3 (docket no. 41). Defendant did not, however, mention the terms "as-applied" or "facial" in its motion to dismiss, and it did not cite the 18-year-old authority on which it now relies, namely *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001 (9th Cir. 2008), in either its motion or its reply. *See* Def.'s Mot. (docket no. 26); Def.'s Reply (docket no. 32). Defendant offers no excuse for failing to bring *Silvas* or defendant's related theory to the Court's attention earlier. *See* Local Civil Rule 7(h)(1). More importantly, the distinction defendant now attempts to draw between an "as-applied" and a "facial" challenge to CEMA finds no support in *Silvas* or other preemption jurisprudence. As explained in *Silvas*, federal law may preempt state law in one of three ways: (i) via Congress's express terms; (ii) by inferring from such pervasive federal regulation in a particular field Congress's intent to leave no room for the States to legislate; or (iii) by implication when a state statute

MINUTE ORDER - 1

actually conflicts with federal law.  *Silvas*, 514 F.3d at 1004 (quoting *Bank of Am. v. City & Cnty. of S.F.*, 309 F.3d 551, 558 (9th Cir. 2002)).  In *Silvas*, the state law at issue was analyzed under "*field* preemption," *id.* (emphasis in original), which required an examination of how the state law was applied, *see id.* at 1006 & 1008.[1]  In contrast, in this case, defendant asserted that CEMA is *expressly* preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM"), but defendant's argument was found lacking in merit because CAN-SPAM contains an explicit exception for state laws that prohibit "falsity or deception in any portion of a commercial electronic mail message or information attached thereto."  15 U.S.C. § 7707(b)(1).  CEMA's ban on commercial emails containing "false or misleading information in the subject line," RCW 19.190.020(1)(b), falls squarely within the area that Congress reserved to the States, *see Ma v. Nike, Inc.*, --- F. Supp. 3d ---, 2026 WL 100731, at *2 (W.D. Wash. Jan. 14, 2026), and the "as applied" versus "facial" dichotomy has no role to play in the proper preemption analysis for this matter.  The other grounds raised by defendant in its motion for reconsideration merely repeat what defendant said in its motion to dismiss and the Court has already rejected.[2]

---

[1] The reasoning in *Silvas* is limited to field preemption in the context of the Home Owners' Loan Act, *see Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1180 & n.5 (9th Cir. 2016), and the Office of Thrift Supervision regulation on which the *Silvas* Court relied to find field preemption, 12 C.F.R. § 560.2, has since been repealed, *see McShannock v. JP Morgan Chase Bank NA*, 976 F.3d 881, 885 n.3 (9th Cir. 2020).

[2] As previously indicated by the Court, defendant's reliance on *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2009) [hereinafter "*Virtumundo*"], as well as *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348 (4th Cir. 2006), and *Martin v. CCH, Inc.*, 784 F. Supp. 2d 1000 (N.D. Ill. 2011), is misplaced.  *See Harrington v. Vineyard Vines, LLC*, --- F. Supp. 3d ---, 2025 WL 3677479, at *1 & n.2 (W.D. Wash. Dec. 18, 2025).  In *Virtumundo*, the Ninth Circuit did not address whether CAN-SPAM preempts the subsection of CEMA that is at issue in this matter.  *Id.* at *1.  *Omega* did not concern CEMA, but rather an Oklahoma statute that "reach[ed] beyond common law fraud or deceit," prohibiting *inter alia* emails that contained "*malicious*" information.  469 F.3d at 353 (emphasis added).  Likewise, *Martin* did not involve CEMA, but instead an Illinois law pursuant to which the plaintiff asserted that the subject lines failed to disclose the "'secret' 'information-harvesting' purpose of the emails" at issue, and that, had he been warned opening the emails would allow the defendant to gather data about him, he would have deleted the emails without reading them.  *See* 784 F. Supp. 2d at 1007.  In contrast to the case before the Court, in *Martin*, the plaintiff did not allege that the subject lines of the emails at issue included false or misleading information.  *See id.* at 1007–08 & n.3.  In its motion for reconsideration, defendant for the first time cites *Ferguson v. Quinstreet, Inc.*, No. C07-5378, 2008 WL 3166307 (W.D. Wash. Aug. 5, 2008), *aff'd sub nom. Ferguson v. Active Response Grp.*, 348 F. App'x 255 (9th Cir. 2009), which is distinguishable because it addresses a different provision of CEMA than the one at issue in this action.

MINUTE ORDER - 2

(2)   Defendant's request that the Court certify this matter for interlocutory appeal is DENIED because "substantial ground for difference of opinion" does not exist, and an immediate appeal would not "materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

(3)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 16th day of January, 2026.

> Joshua C. Lewis
> Clerk
>
> s/Grant Cogswell
> Deputy Clerk

MINUTE ORDER - 3